NOS.
12-10-00380-CR

     
12-10-00381-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

WILLIAM
LAMON GOODWIN,                      §                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

William Lamon Goodwin appeals his
convictions for possession of a firearm by a felon, for which he was sentenced
to imprisonment for ten years, and aggravated assault with a deadly weapon, for
which he was sentenced to imprisonment for thirty years.  Appellant’s counsel
filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969).  We dismiss the appeal.

 

Background

Appellant
was charged by separate indictments with felon in possession of a firearm and
aggravated assault with a deadly weapon.[1]  Appellant pleaded “guilty” as charged in
each cause and pleaded “true” to the deadly weapon allegation as well as the
enhancement allegation pertaining to the aggravated assault charge.  The trial
court found Appellant “guilty” as charged in each cause and sentenced him to
imprisonment for ten years for felon in possession of a firearm and thirty years
for aggravated assault.  This appeal followed. 

 

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel filed a brief in compliance with Anders
v. California and Gainous v. State.  Appellant=s counsel states that he has diligently reviewed the
appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated.  He
further relates that he is well acquainted with the facts in this case.  In
compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978), Appellant=s brief presents a chronological
summation of the procedural history of the case and further states that
Appellant=s counsel is unable to raise any
arguable issues for appeal.[2]
 We have likewise
reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s counsel has moved for leave to
withdraw.  See also In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration
with the merits.  Having done so and finding no reversible error, Appellant=s counsel=s motion for leave to withdraw is
hereby granted and the appeal is dismissed.

As a result of our disposition of this case, Appellant’s
counsel has a duty to, within five days of the date of this opinion, send a
copy of the opinion and judgment to Appellant and advise him of his right to
file a petition for discretionary review. See Tex. R. App.  P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review on his behalf or he must file a petition for
discretionary review pro se.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this court. See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex. R. App.
P. 68.3.  Any petition for discretionary review should comply with the
requirements of Texas Rule of Appellate Procedure 68.4.  See In re
Schulman, 252 S.W.3d at 408 n.22.

Opinion delivered July 29, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.           

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] The latter
indictment also alleged that Appellant had been previously convicted of a
felony.

 





[2]
Counsel for Appellant states in his motion to withdraw that he provided
Appellant with a copy of this brief.  Appellant was given time to file his own
brief in this cause.  The time for filing such a brief has expired and we have
received no pro se brief.